# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MAMDOUH HUSSEIN,** <br><br> Plaintiff, <br><br> v. <br><br> **MAZHAR ELAMIR, M.D., JERSEY CITY MEDICAL CENTER,** <br><br> Defendant. | No. 19-cv-12704 (KM/JBC) <br><br> **MEMORANDUM OPINION** |

### KEVIN MCNULTY, U.S.D.J.:

This is a medical malpractice action. Medical malpractice is a state-law claim which generally must be brought in state court. Now before the Court are motions by the two defendants to dismiss the complaint for lack of federal subject matter jurisdiction, and for failure to comply with the state requirement of filing an affidavit of merit. (DE 15, 17, 20, 21) Because the complaint does not plead that the plaintiff and defendant are citizens of different states, and because it does not factually set forth a federal-law claim, it will be dismissed for lack of federal jurisdiction.

### I. The Complaint

The facts alleged in the complaint may be summarized as follows. The allegations are assumed to be true for purposes of this motion.

The plaintiff, Mr. Mamdouh Hussein, served a "Notice of Tort Claims of the Law" on May 23, 2018. The defendants performed an unnecessary operation on him in order to profit from his medical insurance.

While Mr. Hussein was under anesthesia, the doctors "used [his] body for training." Emergency doctors were called for, and someone pointed to the plaintiff's bleeding thigh and said "You see what you did?"

Dr. Elamir and the operating doctor conspired, and the operating doctor never came back to his room for four or five days. Mr. Hussein left the hospital.

Following his release from the hospital, Mr. Hussein bled in his stomach for four days. Mr. Hussein found blood all over his underwear, and went to Hoboken Medical Center. The ultrasound showed heavy blood flow and hemorrhaging in the operation area. The stitches were open.

Mr. Hussein learned that he would have to undergo surgery again. He has been subjected to suffering and infection.

## II. Standard on jurisdictional motion

> The burden of establishing federal jurisdiction rests with the party asserting its existence. [citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3, 126 S. Ct. 1854, 164 L.Ed.2d 589 (2006).] "Challenges to subject matter jurisdiction under Rule 12(b)(1) may be facial or factual." [citing *Common Cause of Pa. v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir. 2009) (quoting *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006)).] A facial attack "concerns 'an alleged pleading deficiency' whereas a factual attack concerns 'the actual failure of [a plaintiff's] claims to comport [factually] with the jurisdictional prerequisites.'" [citing *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008) (alterations in original) (quoting *United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir.2007)).]
>
> "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." [citing *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).]

*Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (footnotes omitted; case citations in footnotes inserted in text).

The motion to dismiss on jurisdictional grounds is presented as a facial attack, *i.e.*, one based on the face of the pleadings under Rule 12(c).[1] In such a case, the standard of review is similar to that governing an ordinary Rule

---

[1] The parties cite Rule 12(c), rather than Rule 12(b)(6), because the complaint has been answered. The standard is similar. *See Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991).

12(b)(6) motion to dismiss. The facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *New Jersey Carpenters & the Trustees Thereof v. Tishman Constr. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014). The allegations cannot rest on mere "labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, they must assert facts that render a claim "plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In considering a motion to dismiss a *pro se* complaint, a court must bear in mind that *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers, and construe them liberally. *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197 (2007); *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594 (1972). That rule of liberal construction does not, however, absolve a *pro se* plaintiff of the need to adhere to the Federal Rules of Civil Procedure. *See, e.g., Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) ("a *pro se* complaint . . . must be held to 'less stringent standards than formal pleadings drafted by lawyers;' . . . but we nonetheless review the pleading to ensure that it has 'sufficient factual matter; accepted as true; to state a claim to relief that is plausible on [its] face.'").

### III. Jurisdiction

Subject matter jurisdiction generally exists in the federal courts on the basis of (1) diversity of citizenship, 28 U.S.C. § 1332(a), or (2) a federal question, 28 U.S.C. § 1331.

#### A. Diversity

Diversity exists when there is "complete diversity" of the parties and the controversy's value exceeds $75,000. 28 U.S.C. § 1332(a); *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). If any plaintiff and any defendant are citizens of the same state, diversity is broken and the action must be dismissed, unless there is another basis for jurisdiction.

Viewed as medical malpractice claims, the plaintiff's allegations clearly arise under state law. Unless there is diversity, they must be heard in state, not federal, court.

This complaint does not allege that the plaintiff and the two defendants are citizens of separate states. On its first page, it lists Jersey City addresses for both plaintiff Mr. Hussein and defendant Jersey City Medical Center. I will therefore dismiss the complaint insofar as it seeks to assert state-law claims.

### B. Federal-question jurisdiction

The alternative basis for subject matter jurisdiction is the complaint's assertion of a federal-law claim. Federal question jurisdiction exists for "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For a claim to "arise under" the Constitution, federal law, or a treaty, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiffs' cause of action." *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127 (1974) (citing *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936)).

The complaint states generally that there have been violations of federal law, federal civil rights law, or the Constitution, without further specifics. As noted above, however, mere legal conclusions do not suffice as allegations. This complaint does not specify any federal claim. No federal statute is cited. No right guaranteed by the Constitution is identified.

Because the complaint fails to allege a federal claim, dismissal is granted on this ground as well.[2]

---

2  Assuming jurisdictional obstacles could be overcome, there would remain an additional threshold issue with regard to the malpractice claim in this case. State law requires that an Affidavit of Merit ("AOM") be filed:

> In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in

## CONCLUSION

For the foregoing reasons, the motions to dismiss are granted insofar as they assert lack of subject matter jurisdiction. I do not reach any of the other asserted grounds for dismissal. A separate order is filed herewith.

Dated: January 28, 2020

_____
HON. KEVIN MCNULTY, U.S.D.J.

---

the treatment, practice or work that is subject of the [claim], fell outside acceptable professional or occupational standards or treatment practices. The court may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause.

In the case of an action for medical malpractice, the person executing the affidavit shall meet the requirements of a person who provides expert testimony or executes an affidavit as set forth in section 7 of P.L.2004, c. 17 (C.2A:53A-41). In all other cases, the person executing the affidavit shall be licensed in this or any other state; have particular expertise in the general area or specialty involved in the action, as evidenced by board certification or by devotion of the person's practice substantially to the general area or specialty involved in the action for a period of at least five years. The person shall have no financial interest in the outcome of the case under review, but this prohibition shall not exclude the person from being an expert witness in the case.

N.J. Stat. Ann. § 2A:53A-27. (Defendants filed answers in this action on September 24 and October 14, 2019. (DE 10, 12) That requirement applies to a diversity malpractice action in federal court, just as it does in state court. *Nuveen Mun. Tr. ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C.*, 692 F.3d 283 (3d Cir. 2012). As I appear to lack subject matter jurisdiction, I do not address this issue.