UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MAMDOUH HUSSEIN,**<br><br>　　　　　　　**Plaintiff,**<br><br>　v.<br><br>**MAZHAR ELAMIR, M.D.,**<br>**JERSEY CITY MEDICAL CENTER,**<br><br>　　　　　　　**Defendant.** | No. 19–cv–12704 (KM/MAH)<br><br>**OPINION & ORDER** |

**<u>KEVIN MCNULTY, U.S.D.J.</u>:**

　　Federal courts are courts of limited jurisdiction, which only have the power to hear certain kinds of cases. This action alleges medical malpractice, normally a state-law claim that is heard in state court.

　　By Opinion and Order dated January 28, 2020 (DE 30, 31), I dismissed the action for lack of federal jurisdiction. The basis for that order of dismissal did **not** involve the merits of Mr. Hussein's malpractice claims. I held that this complaint did not state a basis for this **state-law** claim to be heard in this **federal** court. As I explained, it is not a case between citizens of separate states, and it does not assert a claim under federal law. There being no subject-matter jurisdiction, this Court lacks the power to hear the case.

　　The dismissal, because jurisdictional, was entered without prejudice to Mr. Hussein's amending his complaint to state a basis for federal jurisdiction, within 30 days. I granted one extension of that deadline until March 30, 2020. (DE 33) I granted a second extension until May 31, 2020. (DE 35) I granted a third extension until August 10, 2020. (DE 37) This third extension stated explicitly that it was "final." (DE 37 p. 2)

　　Now Mr. Hussein has submitted a letter requesting that the Court temporarily close his case because, during the COVID-19 crisis, he has not been able to obtain medical records or expert reports. (DE 38) I understand the

1

necessity of gathering such evidence in a malpractice case. That is not relevant, however, to the Court's ruling that it has no jurisdiction over this case.[1]

Mr. Hussein, despite multiple extensions, has not filed an amended complaint that states a basis for this federal court's jurisdiction to hear the case. The prior order of dismissal without prejudice therefore stands. Because the case is and remains dismissed, and because I have no power to hear the case at all, I cannot suspend or stay it.

Neither this order nor my prior order operates as a decision on the merits. I have ruled only that this court lacks the power to hear the case. The plaintiff remains free to file it in any state court which does possess jurisdiction, subject to any defenses that the defendants may assert.

## ORDER

The letter request to temporarily close, stay, or suspend the case (DE 38) is **DENIED**. The case was dismissed for lack of federal subject matter jurisdiction in accordance with my prior order (DE 31), and it remains closed.

/s/ Kevin McNulty

_____
HON. KEVIN MCNULTY, U.S.D.J.

---

[1] To be clear, my prior opinion noted in a footnote that an additional problem with the case might be the plaintiff's failure to obtain an affidavit of merit. That requirement, as I stated, would apply whether the case was brought in state or federal court. *See* prior Opinion (DE 30), pp. 4-5 n.2. The footnote was provided for the future guidance of this pro se plaintiff. I stated very clearly that I was not reaching that issue, since I lacked jurisdiction to address the case any further. *Id.* ("As I appear to lack subject matter jurisdiction, I do not address this issue.")